Dear Representative Roach:
You have requested from this office an Attorney General's opinion regarding the "Final Report: Louisiana's Statewide Integrated Solid Waste Management Plan" (hereinafter referred to as "Solid Waste Management Plan"), issued March 1, 1993, and the "Guidance Document for Local Governments" (hereinafter referred to as "Guidance Document") issued September 1, 1993 by the Louisiana Department of Environmental Quality which purport ". . . to serve as a guide in helping local governments, in conjunction with the regions in which they will be associated, develop their own regional integrated Solid Waste Management Plans." You have asked if portions of the referenced documents constitute "rules" within the meaning of R.S. 49:951(6).
In your opinion request, you indicate that neither the Solid Waste Management Plan nor the Guidance Document were formally adopted as rules or regulations in accordance with the formal rulemaking provisions of Louisiana's Administrative Procedure Act (R.S. 49:951 et. seq.); nor was the Solid Waste Management Plan and Guidance Document submitted to the appropriate legislative committees for formal rulemaking oversight review.
R.S. 49:951(6) of Louisiana's Administrative Procedures Act provides:
§ 951. Definitions
* * *
 (6) "Rule" means each agency statement, guide, or requirement for conduct or action, exclusive of those regulating only the internal management of the agency and those purporting to adopt, increase, or decrease any fees imposed on the affairs, actions, or persons regulated by the agency, which has general applicability and the effect of implementing or interpreting substantive law or policy, or which prescribes the procedure or practice requirements of the agency . . . A rule may be of general applicability even though it may not apply to the entire state, provided its form is general and is capable of being applied to every member of an identifiable class."
It is the opinion of the Attorney General that, although much material contained in the Solid Waste Management Plan and the Guidance Document is, as you point out, strictly informational and instructive, portions of the Solid Waste Management Plan and Guidance Document fall well within the definition of "rule" contained in R.S. 49:951(6). It is well settled law in Louisiana that statements, guides, or requirements for conduct or action promulgated by state agencies which fall within the definition of "rule" contained in R.S. 49:951(6) must be formally adopted as rules in accordance with applicable provisions of Louisiana's Administrative Procedures Act (R.S.49:951(6) et. seq.) in order for such statements, guides, or requirements for conduct or action to be valid, binding and enforceable by an agency of the state.
The Solid Waste Management Plan and Guidance Document contain provisions which constitute agency statements, guides, and requirements for conduct or action for the establishment and creation of "solid waste regions" which shall form the geographical basis for administering solid waste collection and disposal within such regions. Agency statements, guides, and requirements for conduct contained within the Solid Waste Management Plan and Guidance Document include criteria for development of solid waste regions, a schedule of required tasks and due dates to be met by local governments, criteria for establishing waste regions and boundaries for such regions, criteria for approval of regional plans and for review of regional plan proposals, requirements with regard to updates and modifications of regional plans, and extensive and detailed requirements with regard to solid waste regional plans required to be submitted to Louisiana's Department of Environmental Quality by the administrative authority of such regions.
Although it might be argued that some of the procedures, standards, and criteria for creation of solid waste districts and preparation and submission of solid waste regional plans reflect procedures relating to the internal management of agencies of the state with review and approval authority, other elements of the Solid Waste Management Plan and Guidance Document — and particularly provisions with regard to the review and approval of solid waste regional plans and the extensive and detailed requirements with regard to solid waste regional plans required to be submitted to the Louisiana Department of Environmental Quality and the Louisiana Resource Recovery and Development Authority — clearly constitute "rules" within the definition of R.S. 49:951(6); and, as indicated previously, must be formally adopted pursuant to the rulemaking provisions of R.S. 49:951 et. seq. and submitted to the appropriate legislative committees for oversight and review.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: JOHN B. SHEPPARD, JR. Assistant Attorney General
RPI/JBS:lml